NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 30 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CLEAR CREEK RETIREMENT PLAN II LLC, a Washington limited liability company, | No. 18-35725 |
| | D.C. No. 3:17-cv-05564-RBL |
| Plaintiff-Appellant, | |
| v. | MEMORANDUM* |
| FOREMOST INSURANCE COMPANY GRAND RAPIDS MICHIGAN, a Michigan corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 28, 2019**
Seattle, Washington

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

Clear Creek Retirement Plan II LLC ("Clear Creek") brought claims under

Washington's Insurance Fair Conduct Act ("IFCA") against its insurance provider,

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Foremost Insurance Company Grand Rapids Michigan ("Foremost"), relating to coverage of five modular homes. In 2011, David Cecie and Rusty Fields formed Clear Creek. The parties are familiar with the facts so we do not repeat them here.

IFCA provides relief against insurers for unreasonable denials of coverage. RCW § 48.30.015. "An insurer does not have a reasonable basis for denying coverage and, therefore, acts without reasonable justification when it denies coverage based upon suspicion and conjecture." *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 526 (Wash. 1990). "[A]n insurer must make a good faith investigation of the facts before denying coverage and may not deny coverage based on a supposed defense which a reasonable investigation would have proved to be without merit." *Id.* On the other hand, an "insurer is entitled to summary judgment if reasonable minds could not differ that its denial of coverage was based upon reasonable grounds." *Smith v. Safeco, Ins. Co.*, 78 P.3d 1274, 1277 (Wash. 2003).

We conclude that Foremost did not act unreasonably when denying Clear Creek's claim. Foremost relied on several sources of evidence to determine the loss of the modular homes was due to a business dispute rather than theft. Foremost's logs, proof of loss reports, and interview with Fields and his counsel show that Fields had updated Foremost that he had located the modular homes and knew who took them, in part because the homes were subject to a pending civil

action.  Given this record, it was not unreasonable for Foremost to deny coverage because no qualifying theft had occurred.

Although the district court states that Foremost relied on the police report, Foremost's denial letter states that it did not locate this report.  However, the lack of the police report does not affect the reasonableness of Foremost's determination.  The final police report concluded that the matter was "strictly a civil matter."  Further investigation regarding this report would not have made Foremost's determination unreasonable, and in fact, the report supports the reasonableness of Foremost's defense.  *See Indus. Indem. Co.*, 792 P.2d at 526.  We reject Clear Creek's contention that Foremost should have located and relied on only the initial police report describing Fields's self-reported theft while ignoring the final report.

Drawing all reasonable inferences in favor of Clear Creek, Clear Creek has not presented sufficient evidence that Foremost acted unreasonably.  We affirm the district court's grant of summary judgment to Foremost.

**AFFIRMED.**